IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, *a minor child, by JANE DOE 2's next friend and parent, JANE DOE 1*, | ) ) ) ) 2:14-cv-00196 |
| Plaintiffs, | ) ) Judge Mark R. Hornak |
| v. | ) ) |
| COUNTY OF FAYETTE and ANGELA ZIMMERLINK, *in her official capacity and individually*, | ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

**Mark R. Hornak, United States District Judge**

In this case, the Plaintiff Doe #1, on behalf of herself and a minor child, Doe #2, brings federal Constitutional claims (Fourth, Ninth and Fourteenth Amendments), and related supplemental Pennsylvania law statutory and common law claims against the County of Fayette (PA) and one of its three-member Board of County Commissioners, Angela Zimmerlink.

Doe #1 asserts that she sent an email to another Commissioner (we can call him Commissioner #2) complaining to him about what Doe #1 thought was unsatisfactory performance by the County's Children and Youth Services ("CYS") Department in dealing with reports of child abuse. She says that she set out the given name of the minor child Doe #2 in that email. She also says that Commissioner #2 then forwarded that email[1] to a number of others

---

[1] Interestingly, the Does do not sue Commissioner #2, who got the ball rolling by apparently forwarding the email petition that he received to a number of people inside and outside of County government. At oral argument, the Court was advised that a number of those recipients were people that were not part of the County's CYS department, and were individuals who had no direct supervisory responsibility over that department, including a Member of the General Assembly. Also of note is the fact that this lawsuit was filed nearly eighteen (18) months after the alleged date of troublesome dissemination by Zimmerlink.

1

inside and outside of County government to set up a meeting/instigate a discussion about the matters raised in that citizen complaint. Doe #1 then says that Zimmerlink sent the email along to "a number" of local newspapers. She does not plead that any newspaper publicized the given names of either Doe, she does not tell us what (if anything) any newspaper wrote about any of this, she does not specifically say what the email or resulting email chain said, she does not attach to her Complaint (or set out the sum and substance of) any emails, not even the one that she sent[2], she does not tell the Court or the parties who specifically received it or what they did with it, she does not name the newspapers, and she never sets out what purported privacy right of hers (as opposed to Doe #2) was allegedly violated.[3] She provides no facts upon which this Court can conclude, or not, that the Complaint alleges the claimed Constitutional violation[4].

In sum, the Does have filed a Complaint short on the specific, plausible facts that could make out a claim in this context.[5] The principle of "where there is smoke, there must be fire" no

---

[2] At oral argument, it was made apparent to the Court that Doe #1 sent it not from any personal email account, but from her private-sector employer's email system. Whether, or how, that fact would affect the "privacy right" analysis remains to be seen.

[3] It is not instantly apparent to the Court what Constitutional privacy rights of an adult would be violated by the dissemination by a County official of that adult's report of alleged misfeasance/malfeasance by a County department.

[4] Why does this matter? The alleged Constitutional right to privacy relied on by the Plaintiffs requires the consideration of a number of factors: the type of content involved, the justification for the alleged invasion of privacy, the potential for harm from the actual and subsequent disclosure, the nature of public interests involved, and the degree of intrusion. *Bowser v. Blair Cty. Children and Youth Servs.*, 346 F. Supp. 2d 788, 802 (W.D. Pa. 1004), quoting *United States v. Westinghouse Corp.*, 638 F. 2d 570, 578 (3d Cir. 1980). Only by having the requisite factual predicate on the record can the Court perform the "delicate task of weighing competing interests", *id.*, that the law requires in order to assess the potential existence of such a right in a given case. Further, given the context that this multi-factor test contemplates, some understanding of why this case was filed within the statute of limitations, yet so long after the alleged offending conduct may be relevant.

[5] Most telling is the fact that the Does' core federal claim is an alleged violation of their Constitutionally-protected "right of privacy" as recognized by our Court of Appeals. More than the ordinary amount of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), is necessary because such a recognized right is quite narrow, and is intensely context specific. *See United States v. Westinghouse*, 638 F.2d 570, 578 (3d Cir. 1980); *see generally Bowser v. Blair Cty. Children and Youth Servs.*, 346 F.Supp.2d 788 (W.D. Pa. 2004). If anything, that body of Circuit law teaches

longer works (if it ever did) in the context of federal civil pleading. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations here are general and to a large degree speculative as to the claims asserted, and do not, as pled, "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]". *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Based on the Court's consideration of the papers filed of record, the stipulations of the parties, and the matters presented to the Court at the hearing/argument on June 11, 2014 in open Court as to the Defendants' Motions to Dismiss [ECF Nos. 11 and 16], it is ORDERED as follows.

Pursuant to the stipulations of the parties on the record in open Court, all claims as to all Defendants allegedly arising under the Pennsylvania Constitution (Count II) are DISMISSED *with prejudice*; all claims against Defendant Angela Zimmerlink allegedly arising under 42 U.S.C. § 1983 and the United States Constitution made against her in her official capacity (a portion of Count I) are DISMISSED *with prejudice*, in that all such claims merge with such claims against the County of Fayette; all claims against the County of Fayette for an alleged violation of the Pennsylvania Child Services Protection Law ("CSPL"), 23 Pa. Cons. Stat. § 6340 (Count III), are DISMISSED *with prejudice* as being barred by the doctrines of governmental/sovereign immunity under the Pennsylvania Political Subdivision Tort Claims Act ("TCA"), 42 Pa. Cons. Stat. §§ 8541-8564; all claims alleged on behalf of Plaintiff Doe #1 for common law invasion of privacy against Defendant Zimmerlink (Count IV) are DISMISSED *with prejudice* as being barred as a matter of law by the applicable Pennsylvania statute of limitations.

---

that saying in a conclusory fashion that there is a Constitutional right of privacy implicated in a given case, and that it has been violated, does not make either so.

Moving on to the matters not the subject of a stipulation, all claims against Defendant Zimmerlink for violation of 23 Pa. Cons. Stat. § 6340[6] (Count III) are hereby DISMISSED *with prejudice*. The allegations of the Complaint are that Zimmerlink disseminated to one or more Uniontown (PA) newspapers an email containing a report of alleged child abuse including the name of the child victim. The Complaint further alleges that Zimmerlink received that email directly from a fellow elected member of the Fayette County (PA) Board of Commissioners, who had received it directly from Doe #1. The confidentiality provisions of Section 6339 of the CSPL make such materials confidential only when in the possession of the Pennsylvania Department of Welfare or the county child welfare agency. 23 Pa. Cons. Stat. §§ 6303, 6339. *See also Burns v. Alexander*, 776 F.Supp.2d 57, 67-68 (W.D. Pa. 2011); *Dauphin Cty. Soc. Servs. for Children & Youth v. Dep't of Pub. Welfare*, 855 A.2d 159, 164-65 (Pa. Commw. Ct. 2004). Consequently, the materials alleged to be received and then disseminated by Zimmerlink are not covered by the statutory confidentiality provisions of Section 6339. Further, because the claim alleged against Zimmerlink in this Count of the Complaint is not one falling within the exceptions to governmental immunity under the TCA, 42 Pa. Cons. Stat. §§ 8545, 8550, and because as a matter of law, such conduct is not rendered illegal by the CSPL, such immunity would also be applicable as to the claims against Zimmerlink. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 600-01 (3d Cir. 1998). For the same reason, the claim alleged against Zimmerlink at Count IV of the Complaint as to Jane Doe 2 is likewise DISMISSED *with prejudice*.

The remaining claims alleged in Count I of the Complaint against the County of Fayette and Zimmerlink in her individual capacity (an allegedly unconstitutional invasion of privacy) are

---

[6] That section, by its terms, does not purport to create a private right of action, but does specifically reference back to the provisions of §6339..

4

DISMISSED *without prejudice* and with leave to amend (once). *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007).

Why is that the right course?

This Count alleges in conclusory terms an alleged custom, policy, and/or practice of the County, without any plausible factual specificity as to the contours of those allegations, or the custom, practice, and/or policy at issue. Further, while the heart of the allegations is the content of an email, there are no specific allegations of the content of such email and related emails, nor the scope or nature of their initial or subsequent dissemination, such that the Court is in any position to determine, as it must, whether Count I alleges a Constitutional violation by the County and/or Zimmerlink of the Plaintiffs' right of privacy. The Court also therefore has no basis to assess whether the Complaint at Count I alleges the violation of a clearly established Constitutional right in order to determine, as it must, whether the claims alleged in Count I as to Zimmerlink are barred by the doctrine of qualified immunity. *See Ashcroft v. Al-Kidd,* 131 S. Ct. 2074, 2083 (2011).

Further, the allegations of Count I of the Complaint are so generalized, vague, and conclusory so as to provide no plausible factual basis for or notice of the alleged custom, policy, or practice of the County that would allow it to be liable, *vel non*, in a claim asserted via 42 U.S.C. § 1983, as opposed to on the basis of a generalized notion of *respondeat superior*, which may not form the basis for such liability. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690 (1978). Likewise, there are no sufficient plausible factual allegations that would allow for the conclusion that the actions allegedly taken by one member of a three-member Board of County Commissioners can be fairly attributed to the County for purposes of Section 1983. *See Pembauer v. City of Cincinnati,* 475 U.S. 469, 478-484 (1986).

That all said, the conduct that is alleged, albeit in a conclusory fashion, does at least raise the specter of the possible implication of the Constitutional right of privacy as recognized by our Court of Appeals. Zimmerlink is concededly an elected County Commissioner, which would check the "state action/color of state law" pleading box, and the Complaint does generally allege a communication to one or more persons plausibly outside of the "need to know" group in County government of what may turn out to be information entitled to coverage by a recognized right of privacy (at least as to Doe #2). Whether any of that can be pled with the requisite specificity, whether it will demonstrate a "clearly established" Constitutional right that would allow the Does to dodge the application of qualified immunity as to Zimmerlink, and whether there is a plausible factual basis to support the legal conclusion that the County could be on the hook for Zimmerlink's conduct all remains to be seen. Given all of that, however, the Court cannot conclude that any effort to amend the Complaint would be futile as a matter of law. Our Circuit precedent teaches that in such a case, allowing at least one effort at amendment is the proper course.

Plaintiffs may therefore file an amended Complaint, once, in conformity with the matters set forth above, on or before July 1, 2014. Should they fail to do so, the dismissal of Count I will be deemed to be with prejudice without further Order of this Court, which would end the case. Should they do so, the Defendants shall then respond as permitted by Fed. R. Civ. P. 12 within 21 days of the date of the filing of such Amended Complaint.

Mark R. Hornak
United States District Judge

cc: All counsel of record
Dated: June 13, 2014